UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY RODRICK ROBINSON,

           Plaintiff,

v.                                                          CASE NO. 2-19-cv-12836

CORRECTIONS OFFICER HENDERSHOT,          HON. DENISE PAGE HOOD
JOHN DOE #1, JOHN DOE #2, and
JOHN DOE #3,

           Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO SHOW CAUSE [8], VACATING THE COURT'S ORDER TO SHOW CAUSE [7], AND ALLOWING PLAINTIFF TO PROCEED WITH THIS ACTION

### I.  Introduction

Plaintiff Timothy Rodrick Robinson, a state prisoner in the custody of the Michigan Department of Corrections (MDOC), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  (ECF No. 1.)  He sought compensatory and punitive damages from four state correctional officials employed by MDOC at the St. Louis Correctional Facility in St. Louis, Michigan.  Plaintiff identified the defendants as corrections officer Hendershot, corrections officer John Doe #1, corrections officer John Doe #2, and corrections sergeant John Doe #3.  *Id*. at PageID.1-2.

Plaintiff alleged in his complaint that, on August 14, 2016, defendants Hendershot, John Doe #1, and John Doe #2 failed to intervene or to protect him and were accomplices to a theft of Plaintiff's personal property by other inmates. Plaintiff claimed that the defendants' conduct was retaliation for Plaintiff's administrative grievance against a corrections officer named Sholtz.  *Id.* at PageID.13-16.  He also asserted that John Doe #3 was liable for not adequately supervising the other defendants and for not checking on prisoners when making rounds of prison cells.  *Id*. at PageID.16-17.

In a motion to amend (ECF No. 6), Plaintiff asked for permission to add corrections officer Anderson as a defendant.   Plaintiff alleged that, on October 4, 2019, Anderson endangered him at the Chippewa Correctional Facility in Kincheloe, Michigan by reading aloud some of Plaintiff's legal papers, which identified Plaintiff as a homosexual and a snitch.  *Id*. at PageID.39-41.

On April 16, 2020, the Court denied Plaintiff's motion to amend without prejudice because the proposed amendment concerned an entirely different incident than the one described in Plaintiff's complaint, and because Plaintiff had failed to satisfy the test for joinder of defendants.  (ECF No. 7).  In the same order, the Court directed Plaintiff to show cause why his complaint should not be dismissed for failure to comply with the three-year statute of limitations for civil rights complaints. The Court pointed out that the incident at the St. Louis Correctional Facility occurred

on August 14, 2016, and that Plaintiff filed his complaint more than three years later, on September 24, 2019.

On May 27, 2020, Plaintiff filed a response to the Court's order to show cause. He called his response a "motion to show cause why [his] complaint should not be dismissed as time barred." (ECF No. 8.) He argues in his motion that his complaint is timely because the statute of limitations was tolled while he exhausted MDOC's administrative remedies regarding the incident at the St. Louis Correctional Facility. *Id*. at PageID.58-60.

## II. Discussion

As the Court pointed out in its previous order, the applicable statute of limitations for Plaintiff's complaint is Michigan's three-year statute of limitations for personal injury claims. *McCune v. Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988) (citing *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986)). The theft of Plaintiff's property occurred on August 14, 2016, and Plaintiff did not sign and mail his complaint until September 24, 2019.

Under the Prison Litigation Reform Act (PLRA), however, Plaintiff was required to exhaust administrative remedies for his claims before filing his complaint. *See* 42 U.S.C. § 1997e(a) (stating that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted").  "The statute of limitations for claims subject to the PLRA is tolled while the plaintiff exhausts his required administrative remedies."  *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012) (citing *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000)).

Exhibits to Plaintiff's response to the Court's order to show cause indicate that Plaintiff filed two grievances about the theft of his property on September 1, 2016. (ECF No. 8, PageID.62-63.)  Grievance number SLF-16-09-0946-19F was denied at the third and final step of MDOC's grievance process on October 13, 2016.  *Id*. at PageID.69.  Plaintiff had three years from October 13, 2016 – until October 13, 2019 – to file his complaint.  Because he filed his complaint before then, on September 24, 2019, the complaint was filed in a timely manner.

The Court, therefore, grants Plaintiff's motion to show cause why his complaint should not be dismissed as time barred (ECF No. 8) and vacates the Court's order to show cause (ECF No. 7).  Plaintiff may proceed with this action.  A future order will follow.

s/Denise Page Hood

Dated:  November 20, 2020          United States District Judge